UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Matthew Robert ELMORE,<br><br>                              Plaintiff,<br><br>vs.<br><br>UNITED STATES INTERNAL REVENUE SERVICE,<br><br>                              Defendant. | Case No.:  25-cv-3340-AGS-KSC<br><br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS (ECF 2) AND DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

Plaintiff Matthew Elmore, proceeding without an attorney, seeks to waive the filing fee for his lawsuit against the IRS. But he has not justified waiving the filing fee, and his complaint doesn't pass mandatory screening.

## MOTION TO PROCEED *IN FORMA PAUPERIS*

Parties instituting a civil action in a federal district court must typically pay filing fees of $405. 28 U.S.C. § 1914(a) ($350 filing fee); District Court Misc. Fee Schedule, § 14 (effective Dec. 1, 2023) ($55 administrative fee). But if granted the right to proceed *in forma pauperis*, a plaintiff can proceed without prepaying those fees. *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Elmore claims he has an average monthly income of "$0" from various public-benefit programs. (ECF 2, at 1–2.) After that, though, he left blank all the other information called for by the Court's IFP form. (*See id.* at 2–5.) This includes any information on assets, cash on hand, or monthly liabilities. (*Id.*) Even though plaintiff "need not be completely destitute to proceed IFP," *see Blount v. Saul*, No. 21-CV-0679-BLM, 2021 WL 1561453, at *1 (S.D. Cal. Apr. 21, 2021), a court may deny IFP when an applicant is "unable, or unwilling, to verify their poverty," *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981). The motion to proceed *in forma pauperis* is denied.

1

## SCREENING

In addition, when reviewing an IFP motion, the court must screen the complaint and dismiss it if it—among other things—"fails to state a claim." 28 U.S.C. § 1915(e)(2)(B). Although the requirement is not onerous, Elmore's complaint does not come close to stating a claim. *See* Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that Rule 8's purpose is to "give the defendant fair notice of what the claim is and the grounds upon which it rest" (cleaned up)). The complaint does not set out a legal basis for his claim against the IRS, nor any facts to support it. In fact, it is almost completely devoid of content. (*See generally* ECF 1.) Elmore's complaint is a seven-page, pre-printed form that has been left entirely blank, except for Elmore's name, signature, and contact information; the defendant's identity ("Internal Revenue Service") and address ("Russia"); and an "X" in the box for "Federal Question," in response to the question, "What is the basis for federal court jurisdiction? *(check all that apply)*." (ECF 1, at 1–3, 7.)

Because this (mostly) blank form contains no facts about Elmore's claim, let alone enough facts to "state a claim to relief that is plausible on its face," the complaint must be dismissed. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Given Elmore's unrepresented status, the Court grants him leave to file an updated IFP petition and amend his complaint. After all, a "district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (cleaned up).

## CONCLUSION

Thus, the Court orders as follows:

1. Plaintiff's motion to proceed *in forma pauperis* is **DENIED**.
2. Plaintiff's complaint is **DISMISSED** with leave to amend.
3. By **January 16, 2026**, plaintiff must pay the full filing fee or file any updated

1  IFP petition. Failure to do so will result in a final dismissal. By that same date, plaintiff
2  must also file any amended complaint. The amended complaint must be complete by itself
3  without reference to any previous version of his pleading; defendants not named and any
4  claims not re-alleged in the amended complaint will be considered waived. If Elmore fails
5  to timely amend, the Court will enter a final Order dismissing this case.

6  Dated:  December 1, 2025

_____
Hon. Andrew G. Schopler
United States District Judge